# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE RIVERKEEPER, INC. ) | |
|     Plaintiff, ) | |
| v. ) | No. 3:23-CV-00749 |
| ) | Judge Aleta A. Trauger |
| ARDAVAN AFRAKHTEH, ) | |
|     Defendant. ) | |

**AFRAKHTEH'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

    Mr. Afrakhteh replies to Riverkeeper's response in opposition to his motion to dismiss.

1. <u>Riverkeeper's response is untimely under LR 7.01(a)(3)</u>.

    Local Rule 7.01(a)(3) provides that "any party opposing a motion must serve and file a memorandum of law in response…not later than fourteen (14) days after service of the motion. … If a timely response is not filed, the motion shall be deemed unopposed." Mr. Afrakhteh filed his motion to dismiss on October 9, 2023, and Conformed Certificates of Service on October 11, 2023. (Doc. 14, PageID #87-89; Doc. 16, PageID #159-162). The deadline to file a response was October 23, 2023. However, Riverkeeper, without obtaining leave from the Court, filed its response on November 7, 2023. Riverkeeper's response was not timely, and, therefore, Mr. Afrakhteh's motion should be deemed unopposed under LR 7.01(a)(3).

2. <u>Riverkeeper's Notice does not include Mr. Afrakhteh in the definition of "Land Development."</u>

    Riverkeeper claims it gave proper notice to Mr. Afrakhteh because it included him in the definition of "Land Development." This is not correct. The opening of Riverkeeper's Notice reads:

> On behalf of Tennessee Riverkeeper, Inc. (the "Riverkeeper") you are hereby notified that the Riverkeeper intends to file a lawsuit against Ardavan Afrakhteh, Land Development.com, LLC ("Land Development"), and/or the unnamed contactor participating in the development of Sky Nashville…

(Doc. 1-2, PageID #20).

1

A natural reading of this sentence demonstrates the author includes a series of parties, denoted by a comma after each, and the term "and/or" before the last alleged violator. The defined term of "Land Development" can only be read to include the LLC listed immediately before it and not Mr. Afrakhteh. The only way Mr. Afrakhteh could be included in the definition of Land Development is if the term "collectively" or "together" had been used in the parenthetical. However, Riverkeeper did not use any such term when it defined Land Development.com, LLC.

3. <u>The Court should consider the Warranty Deed and the Permit Transfer Documentation</u>.

The Sixth Circuit considers public records and documents central to a plaintiff's claim appropriate to consider when evaluating a motion to dismiss. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). Both the Warranty Deed and the Permit Transfer Documentation are public records. These documents are central to Riverkeeper's claim because ownership and permit are integral to Riverkeeper's assertions.

4. <u>Riverkeeper's reliance on the "geographic nexus" test to show standing is misplaced</u>.

Riverkeeper argues it has standing to bring this suit because its member, Mr. Ostrowski, can show injury in fact. Mr. Ostrowski states he has an interest in the Cumberland River, not its tributary Phillips Branch – the waterbody into which Riverkeeper claims Mr. Afrakhteh is unlawfully discharging. (Doc. 1-1, PageID #19). Riverkeeper cites a Ninth Circuit case, *Western Watersheds Project v. Kraayenbrink*, and argues that a "geographic nexus between the individual asserting the claim and the location suffering an environmental impact" establishes standing. (Doc. 17, PageID #174). However, Riverkeeper's reliance on *Western Watersheds* is misplaced. The Court does describe a "geographic nexus" test, but that test is specific to a <u>procedural injury and a threatened concrete interest</u>. *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 485 (9th Cir.

2011). *W. Watersheds*, 632 F.3d at 485 (emphasis added) (internal citations omitted), examined the issue under the National Environmental Protection Act ("NEPA") and stated:

> Plaintiffs also bring a procedural claim under NEPA. To satisfy the injury in fact requirement, and thereby meet the first prong of Article III standing, "a plaintiff **asserting a procedural injury** must show that the procedures in question are designed to protect some threatened **concrete interest** of his that is the ultimate basis of his standing." … We have described the **concrete interest test** "as requiring a **geographic nexus** between the individual asserting the claim and the location suffering an environmental impact."

Therefore, the "geographic nexus" test's particular use is in procedural questions only. *See also Citizens for Better Forestry v. U.S. Dep't of Agriculture,* 341 F.3d 961, 971 (9th Cir. 2003). *Western Watersheds* does not use the geographic nexus test to evaluate standing for an alleged substantive injury like that claimed here. Riverkeeper is not alleging its member has been injured by a procedural step missed by Mr. Afrakhteh. Therefore, it cannot show injury in fact and does not have standing to pursue this suit.

5. Civil penalties and mootness.

Riverkeeper argues that it meets the redressability requirement for standing because it can assess civil penalties against Mr. Afrakhteh "regardless of the likelihood of future violations by the defendant." (Doc. 17, PageID #175). In support, it relies on several cases, none of which hail from Tennessee or the Sixth Circuit. *Id*. It claims the cases' "rationale" is that liability "attaches at the time of the CWA violation." *Id*. Riverkeeper's argument fails on multiple grounds: (1) it has not sufficiently alleged Mr. Afrakhteh personally caused any unlawful discharges to Phillips Branch, (2) it fails to cite Sixth Circuit precedent, and (3) it misconstrues the point at which a defendant's liability attaches.

The Sixth Circuit has addressed the issue of "wholly past" versus "ongoing" violations numerous times and, in so doing, has acknowledged an established standard: "the Supreme Court

3

has interpreted the Act as not permitting citizens' suits for violations that were wholly in the past." *Tamaska v. City of Bluff City*, 26 F. App'x 482, 485 (6th Cir. 2002) (citing *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 57 (1987)). *See also Allen Cnty. Citizens for Env't, Inc. v. BP Oil Co.*, 966 F.2d 1451 (6th Cir. 1992). "For that reason, litigants who fail to provide sufficient evidence that the alleged violations are continuing, or likely to continue, lack standing." *Ward v. Stucke*, No. 21-3911, 2022 WL 1467652 (6th Cir. May 10, 2022) (citing *Ailor v. City of Maynardville*, 368 F.3d 587, 599 (6th Cir. 2004)). To determine what constitutes "ongoing" violations, courts look to whether the plaintiff can "prov[e] violations that continue on or after the date the complaint is filed," or offer "evidence from which a reasonable trier of fact could find a continuing likelihood of a recurrence in intermittent or sporadic violations." *Tamaska*, 26 F. App'x at 485 (quoting *Chesapeake Bay Found., Inc. v. Gwaltney of Smithfield, Ltd.,* 844 F.2d 170, 171-72 (4th Cir. 1988)).

According to both the Supreme Court and the Sixth Circuit, the appropriate point at which potential liability attaches for "ongoing violations" under a CWA citizen suit is at the time the complaint is filed, not at the time an alleged CWA violation occurred. Riverkeeper alleges *no specific violations* that occurred after this date. It only alleges that the discharges "continue today." (Doc. 1, PageID # 5, ¶ 27).

Riverkeeper makes much of the fact that the NPDES permit has not been fully transferred to its new intended permittee, BGC Construction, and that it remains in Mr. Afrakhteh's name. *See* Doc. 17, PageID #169-170. However, the fact that the NPDES permit may continue to name Mr. Afrakhteh does not authorize his trespass onto property that he does not own.

Finally, Riverkeeper argues Mr. Afrakhteh conflates the issue of standing and mootness for "wholly past violations." Riverkeeper cites *Friends of the Earth, Inc. v. Laidlaw Env't Services*

*(TOC), Inc.*, 528 U.S. 167, 174 (2000), as support for its argument that Mr. Afrakhteh's alleged liability for civil penalties should not be deemed moot. The Sixth Circuit, in *Tamaska*, also examined a mootness claim under a CWA citizen suit. 26 F. App'x at 485. In both *Friends of the Earth* and *Tamaska*, the facts are specific to violations that were occurring at the time the complaint was filed, but had been voluntarily ceased by the time of judgment. *Id*. at 485-86. *See also Friends of the Earth,* 528 U.S. at 174. Finding those facts did not lead to mootness, the *Tamaska* court opined, "would encourage polluters to delay litigation as long as possible, knowing that they could escape all liability for even post-complaint violations by simply coming into compliance with the Act before the suit came to trial." 26 F. App'x at 486. Those facts are missing here. Riverkeeper fails to point to any specific occurrence of an unlawful discharge after filing the complaint.

In conclusion, for the reasons set forth above, as well as those in Mr. Afrakhteh's opening papers, Riverkeeper's complaint should be dismissed.

Respectfully submitted this 14th day of November, 2023

ARNETT, BAKER, DRAPER & HAGOOD, LLP   BUTLER SNOW

By: /s/Jay W. Mader                              By: /s/B. Hart Knight
   Jay W. Mader, BPR #016199                J.W. Luna, BPR #5780
   Paul E. Wehmeier, BPR #030400        B. Hart Knight, BPR #025508
   800 S. Gay Street 2300                       Katherine Barnes, BPR #032456
   First Horizon Plaza                          (*appl. pend. U.S.D.C. MD Tenn.*)
   Knoxville, TN 37901-0300                The Pinnacle at Symphony Place
   (865) 546-7000                                150 Third Avenue South, 1600
   jmader@arnettbaker.com                  Nashville, TN 37201
   pwehmeier@arnettbaker.com             (615) 651-6700
                                                   J.W.Luna@butlersnow.com
                                                   Hart.Knight@butlersnow.com
                                                   Katherine.Barnes@butlersnow.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of this Reply to Plaintiff's Response to Motion to Dismiss has been filed electronically. Notice of this filing will be sent by operation of the Courts electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail as shown below. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Elizabeth A. Alexander<br>Attorney for Plaintiff Tennessee Riverkeeper, Inc.<br>Pepper Law, PLC<br>1801 West End Avenue<br>Suite 850<br>Nashville, TN 37203<br>Served via the Court's electronic filing system to:<br>balexander@pepperlawplc.com | Mark E. Martin<br>Attorney for Plaintiff Tennessee Riverkeeper, Inc.<br>P.O. Box 1486<br>Oneonta, AL 35121<br>Served via the Court's electronic filing system to:<br>mmartin@markemartin.com |

This 14th day of November 2023.

                                            ARNETT, BAKER, DRAPER & HAGOOD, LLP

                                            By: /s/Jay W. Mader
                                                  Jay W. Mader